IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LeROY PALLANTE, SHAWN JOHNSON, CAMERON LANE, AND BENJAMIN PASSE,<br><br>Plaintiff,<br><br>vs.<br><br>HUSSMANN SERVICES CORPORATION,<br><br>Defendant. | Judges:<br><br>Civil Action No.: 3:21-cv-271 |

# COMPLAINT

Come the Plaintiffs, LeRoy Pallante, Shawn Johnson, Cameron Lane, and Benjamin Passe (hereinafter "Plaintiffs"), and sue Defendant Hussmann Services Corporation (hereinafter "Defendant"), as follows:

## I. PRELIMINARY STATEMENT

1. This action arises from Defendant's violation of the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (hereinafter, the "FLSA").

## II. JURISDICTION

2. The matter in controversy involves questions of federal law, giving the Court original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Plaintiffs were employed by Defendant in East Tennessee and worked throughout the Southeastern United States. Defendant's local office is located at 6031 Industrial Heights Drive, Knoxville, Tennessee. Venue is therefore proper in this District Court pursuant to 28 U.S.C. §1391.

### III. PARTIES

4. Plaintiff Pallante is a citizen and resident of Jefferson County, State of Tennessee.

5. Plaintiff Johnson is a citizen and resident of Polk County, State of Georgia.

6. Plaintiff Lane is a citizen and resident of Jefferson County, State of Tennessee.

7. Plaintiff Passe is a citizen and resident of Montgomery County, State of Tennessee.

8. Defendant Hussmann Corporation is a Delaware corporation with its principal address listed as 12999 Saint Charles Rock Road, Bridgeton, Missouri. It may be served through its counsel, Stephen B. Maule, McMahon Berger, attorney for Defendant, at 2730 N. Ballas Road, St. Louis, Missouri, 63131.

9. Plaintiffs reserve the right to amend this Complaint with leave of court to name and/or substitute as Defendant any other legal entities which may later be discovered to be responsible for the wrongful conduct alleged herein.

### IV. FACTS

10. Plaintiffs are employed by Defendant as Certified Installation Technicians.

11. Plaintiffs are paid varying hourly rates. They did not receive straight time or overtime pay for hours spent returning from work locations, only for those hours traveling to an assigned work location. Plaintiffs often drive four or more hours to their work location each week.

12. Plaintiffs inquired as to why they were not paid for drive time home and were told the company only paid one way for travel.

13. After a review of pay records, Plaintiff Pallante believes he is entitled to unpaid straight time and overtime in the amount of Thirty-Six Thousand Three Hundred Sixty-Eight Dollars and no/100 (36,368) for the period of January, 2019 to the present.

14. After a review of pay records, Plaintiff Johnson believes he is entitled to unpaid straight time and overtime in the amount of Thirty-One Thousand Ninety Dollars and no/100 ($31,090) for the period of December, 2017 to the present.

15. After a review of pay records, Plaintiff Lane believes he is entitled to unpaid straight time and overtime in the amount of Eleven Thousand Six Hundred Seventy-Two Dollars and no/100 ($11,672) for the period of September, 2019 to the present.

16. After a review of pay records, Plaintiff Passe believes he is entitled to unpaid straight time and overtime in the amount of Twenty-Five Thousand Nine Hundred Nine Dollars and no/100 (25,909) for the period of December, 2017 to the present.

## V.  FAIR LABOR STANDARDS ACT CAUSE OF ACTION

17. Paragraphs 1 through 16 are hereby realleged and incorporated in full by reference as if fully set forth herein.

18. Plaintiffs were employed by Defendant as an employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

19. Each Plaintiff hereby consents to being named as party Plaintiff to this Action.

20. Defendant violated the FLSA by failing to pay overtime to Plaintiff in violation of 29 U.S.C. 207(1); and by doing the above wilfully and in reckless disregard of Federal Law resulting in Plaintiffs' right to liquidated damages as set forth in 29 U.S.C. 216(b).

## VI. DAMAGES

21. Paragraphs 1 through 20 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

22. As a direct and proximate result of each and every of the foregoing acts, conduct, and violations of statutory law by the Defendant as alleged herein, Plaintiffs have suffered damages in an amount according to proof, including but not limited to, lost wages.

23. After a review of documents provided by Defendant, Plaintiff's calculation of unpaid overtime damages is One Hundred Five Thousand Thirty-Nine Dollars ($105,039).

24. Plaintiff's calculation of unpaid liquidated damages is One Hundred Five Thousand Thirty-Nine Dollars ($105,039).

25. The failure of the Defendant to comply with the FLSA as alleged herein was wilful, and further the Defendant knew or should have known that its conduct was prohibited by the FLSA.

26. Plaintiffs are further entitled to their reasonable attorney's fees and costs in the amount of Twenty Thousand Dollars ($20,000) pursuant to the provisions of FLSA and 29 U.S.C. § 216(b). Plaintiffs have entered into a contingent fee arrangement with counsel.

## VII. PRAYER FOR RELIEF

27. Paragraphs 1 through 26 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

28. As a result of the conduct and actions of the Defendant herein alleged, Plaintiff prays:

    A. That the Court assume jurisdiction of this action and that process issue;

    B. That Plaintiffs be awarded damages in such amount as may be determined by this Honorable Court, including but not limited to damages for lost wages;

    C. That Plaintiff be awarded liquidated damages under the FLSA;

    D. For attorneys' fees and costs as cited herein; and,

    E. For such other and further relief which the Court deems just and proper.

Respectfully submitted this 28th day of July, 2021.

/s/ Katherine A. Young
Katherine A. Young, BPR No. 017178
9041 Executive Park Drive, Suite 121
Knoxville, Tennessee 37923
Telephone (865) 474-1284
Facsimile (615) 296-0379
Katherine@younglawknoxville.com

Link A. Gibbons, BPR # 022799
LAW OFFICE OF LINK A. GIBBONS
P.O. Box 2248
Morristown, Tennessee 37816
Telephone (423) 839-0990
Link@linkgibbonslaw.com

Attorneys for Plaintiffs