UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LeRoy Pallante, Shawn Johnson, Cameron Lane, and Benjamin Passe, <br><br> Plaintiffs, <br><br> v. <br><br> Hussmann Services Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Case No.  3:21-cv-271 <br> ) <br> ) <br> ) <br> ) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between LeRoy Pallante, Shawn Johnson, Cameron Lane, and Benjamin Passe (hereinafter "Plaintiffs") and Hussmann Services Corporation (hereinafter "Defendant"), (collectively the "Parties"), and it is made with respect to the following:

WHEREAS, Plaintiffs have alleged that Defendant failed to compensate them in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*; and

WHEREAS, Plaintiffs have alleged that they are owed compensation in the lawsuit styled *Pallante et al. v. Hussmann Services Corporation*, United States District Court for the Eastern District of Tennessee, Case No: 3:21-cv-271 (hereinafter the "Lawsuit"); and

WHEREAS, Defendant denies that it failed to pay overtime to Plaintiffs and denies that it has violated the FLSA; and

EXHIBIT
tabbies'
A

WHEREAS, the Parties have considered that the interests of all concerned are best served by the settlement and dismissal of the Lawsuit, with prejudice, and have concluded that the terms of this Agreement are fair, reasonable and adequate:

It is therefore hereby STIPULATED AND AGREED among the Parties as follows:

1.**Payment.** As full and complete satisfaction of Plaintiffs' claims for overtime and liquidated damages brought under the FLSA, Defendant agrees to pay the Plaintiffs the listed sums as follows:

A. LeRoy Pallante – A total of Seventy Thousand and 00/100 Dollars ($70,000.00) as follows: Twenty-Two Thousand Seven Hundred Fifty and 00/100 Dollars ($22,750.00) representing unpaid back pay; Twenty-Two Thousand Seven Hundred Fifty Dollars ($22,750.00) representing liquidated damages and;Twenty-Four Thousand Five Hundred and 00/100 Dollars ($24,500.00) representing attorneys' fees;

B. Shawn Johnson – A total of Sixty Thousand Six Hundred and 00/100 Dollars ($60,600.00) as follows: Nineteen Thousand Six Hundred Ninety Five and 00/100 Dollars ($19,695.00) representing back pay; Nineteen Thousand Six Hundred Ninety Five and 00/100 Dollars ($19,695.00) representing liquidated damages; and Twenty-One Thousand Two Hundred Ten and 00/100 Dollars ($21,210.00) representing attorneys' fees;

C. Cameron Lane – A total of Twenty-Two Thousand Dollars ($22,000) as follows: Seven Thousand One Hundred Fifty and

00/100 Dollars ($7,150.00) representing back pay; Seven Thousand One Hundred Fifty and 00/100 Dollars ($7,150.00) representing liquidated damages; and Seven Thousand Seven Hundred and 00/100 Dollars ($7,700) representing attorneys' fees; and,

D.    Benjamin Passe – A total of Forty-Seven Thousand Four Hundred Dollars ($47,400) as follows: Fifteen Thousand Four Hundred Five and 00/100 Dollars ($15,405.00) representing back pay; Fifteen Thousand Four Hundred Five and 00/100 Dollars ($15,405.00) representing liquidated damages; and Sixteen Thousand Five Hundred Ninety and 00/100 Dollars ($16,590) representing attorneys' fees.

The portion of the Settlement Payment to Plaintiffs shall represent the amount of back pay and liquidated damages due for Plaintiffs' unpaid overtime through the date of the execution of this Agreement. Defendant's entire obligation for back pay, liquidated damages, attorney fees and expenses will not exceed Two Hundred Thousand Dollars ($200,000.00).

2.**Payment to Plaintiffs**.    The Back Pay and Liquidated Damages will be payable to Plaintiffs on or before twenty-one (21) calendar days following the Court's approval of the Settlement Agreement. After twenty-one (21) calendar days, interest shall accrue and be payable by Defendant to Plaintiffs and their attorneys at the rate of 12 percent per annum. If collection efforts up to and including filing a lawsuit shall be necessary to collect the funds due under this Settlement Agreement, any costs of

collection including but not limited to Plaintiffs' reasonable attorneys' fees shall be reimbursed by Defendant. Defendant shall make the necessary federal and state withholdings with respect to Plaintiffs' back pay portions of the payment. Plaintiffs acknowledge and understand that Defendant or its attorneys will issue them an IRS Form W-2 with respect to back pay described in Paragraph 1 and an IRS Form 1099 with respect to the liquidated damages and attorneys' fees referenced in Paragraph 1.. Plaintiffs acknowledge that they are not entitled to receive the back pay and liquidated damages unless they sign this Settlement Agreement.

3.**Each Party is Responsible for Its Share of Taxes**. Plaintiffs understand and acknowledge that they are solely and entirely responsible for the timely reporting, paying, and discharging all federal, state and local taxes, penalties and interest, if any, which may be found to be due upon their individual payment required by this Settlement Agreement. Plaintiffs agree to indemnify and hold harmless Defendant against any claims for Plaintiffs' share of income taxes, penalties and interest, which may be found to be due upon such payment required by this Settlement Agreement. Likewise, the Defendant agrees to indemnify and hold harmless Plaintiffs against any claims for Defendant's share of payroll taxes, FICA, unemployment taxes or any other taxes, penalties and interest which may be found to be due upon such payment required by this Settlement Agreement. Plaintiffs acknowledge that Defendant has not provided any legal or tax advice to them, and Plaintiffs expressly represent, covenant and warrant that they have sought out their own legal and tax advice with respect to any tax obligations arising as a consequence of this Settlement Agreement.

4.**Release**.  In exchange for the Settlement Payment and other consideration set forth herein, the receipt, adequacy and sufficiency of which are hereby acknowledged, Plaintiffs on behalf of themselves individually, their agents, representatives, assigns, attorneys, heirs, executors and administrators (collectively "Plaintiffs") release Defendant, and its parent companies, subsidiaries, affiliates, all related business entities, predecessors, successors, assigns, agents and their current and former employees, trustees, directors, officers, attorneys, representatives, insurers and their reinsurers, successors, assigns, affiliates, and related entities (collectively "Released Parties") from any and all controversies, claims, demands, promises, actions, suits, grievances, proceedings, complaints, charges, liabilities, damages, debts, allowances, costs, expenses, attorney's fees, and remedies of any type that Plaintiffs may have arising out of or in connection with their rights under the FLSA or any Tennessee law related to alleged unpaid wages and/or overtime until the date that this document is fully executed, whether such claim was or could have been asserted in this action. Such release includes, without limitation, alleged unpaid wages and/or overtime accruing after March 8, 2021 through the date of the execution of this Agreement.  This Agreement applies to FLSA and Tennessee wage law claims that Plaintiffs know about or reasonably should know about occurring at any time on or before the execution of this Agreement.

In addition, Benjamin Passe hereby releases any claims he may have regarding reimbursement for mileage for travel made on behalf of Defendant from the beginning of his employment through August 1, 2021.  In exchange, Passe will be eligible to submit claims for mileage reimbursement pursuant to Defendant's policies after August 1,

2021. Plaintiffs Pallante, Johnson, and Lane acknowledge they have no claims for mileage reimbursement.

5.**Attorney Fees**. Within twenty-one (21) calendar days of the approval by the Court of this Settlement Agreement, as specified in Section 7 below, Defendant will pay Plaintiffs' reasonable attorney's fees and expenses to their counsel, Gibbons and Young, PLLC, in the amount of Seventy Thousand Dollars ($70,000). Except as provided in Paragraph 1, each Party will bear their own attorneys' fees and costs.

6.**Court Approval**. Upon execution of this Settlement Agreement and subsequent approval by the Plaintiffs and a duly authorized representative of Defendant, the Parties agree to petition the Court to approve the terms of the Settlement Agreement and enter a dismissal of the Lawsuit with prejudice. Should the Court not approve this Settlement Agreement in its entirety, this Settlement Agreement shall be null and void.

7.**Reasonable Steps to Effectuate Settlement**. The Parties agree to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement, and any other steps and efforts that may become necessary by order of the Court or otherwise, to effectuate this settlement.

8.**Entire Agreement**. This Settlement Agreement constitutes the entire agreement between the Parties hereto and represents the full and final resolution of any and all FLSA claims that Plaintiffs know about or reasonably should know about at any time on or before the execution of this Settlement Agreement that were or could have been raised in Plaintiffs' Complaint. The Parties agree that this Settlement Agreement supersedes any and all previous oral or written agreements that the Parties may have

concerning this matter. No amendment or modification to this Settlement Agreement shall be valid unless made in writing and signed by Plaintiffs and a duly authorized representative of Defendant. With the exception of the release of FLSA claims asserted in this Lawsuit and addressed in Section 4 above, if any one or more provisions of this Settlement Agreement should be held invalid, illegal, or unenforceable, such invalidity, illegality or unenforceability shall not affect any other provision herein, and this Settlement Agreement shall be construed by disregarding the invalid, illegal, or unenforceable provision or provisions. If Section 4 above is unenforceable or is held to be unenforceable with respect to the release of FLSA claims asserted in this Lawsuit, the Parties understand and agree that the remaining provisions of the Settlement Agreement shall be rendered null and void and that neither party shall have any further obligations under the Settlement Agreement.

9.**No Admission of Liability**. This Settlement Agreement has been made and entered into in settlement of disputed claims and solely to avoid the burdens of litigation. This Settlement Agreement does not constitute an admission of guilt, liability, or wrongdoing of any kind by Defendant or any Released Party. The Parties agree that this Settlement Agreement is not evidence and shall not raise an inference or otherwise be construed to state, imply, or suggest that Defendant or any Released Party engaged in any unlawful or wrongful conduct.

10.**Submission to District Court for Approval**. This Settlement Agreement will be jointly submitted by the Parties to the Court for approval and for the issuance of the accompanying Final Order and Judgment dismissing the Lawsuit with prejudice;

7

provided, however, that the Court will retain jurisdiction solely for the purpose of enforcing compliance with the terms of this Settlement Agreement under federal law.

11.**Plaintiffs' Execution of This Settlement Agreement Is Knowing and Voluntary**. Plaintiffs acknowledge that they have received a copy of this Settlement Agreement; that they have had a reasonable time to review it; that they have read and understand all the terms, conditions and effect thereof; that they have been advised to consult with and have, in fact, consulted with counsel prior to executing this Settlement Agreement; that they have executed this Settlement Agreement knowingly and voluntarily; that they did not rely upon any representations that may have been made by either Defendant or its attorney(s) concerning this Settlement Agreement other than those made in this Settlement Agreement; and that the consideration that they are receiving under this Settlement Agreement is in addition to anything of value to which they are already entitled.

12.**No Voluntary Participation in a Proceeding Against Defendant**. Plaintiffs agree not to sue the Defendant or any Released Party or to voluntarily participate in any way in any suit or proceeding or to execute, seek to impose, collect, recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attainment upon any claim for alleged unpaid wages and/or overtime under the FLSA or any Tennessee law relating to back unpaid wages and/or overtime until the date of execution of this Agreement. However, this paragraph will not limit Plaintiffs from filing claims that cannot be waived under applicable law.

13.**Applicable Law and Jurisdiction**. This Settlement Agreement is made and entered into in the State of Tennessee and shall in all respects be interpreted, enforced

and governed under the laws of the State of Tennessee and the FLSA. Any action to enforce this Settlement Agreement shall be brought in this Court.

IN WITNESS WHEREOF, the Parties have knowingly and voluntarily executed this Settlement Agreement on the dates specified below.

Dated: _____ Jul 29, 2021 _____

Leroy Pallante (Jul 29, 2021 11:12 EDT)
LeRoy Pallante

Dated: _____

Shawn Johnson

Dated: _____

Cameron Lane

Dated: _____

Benjamin Passe

Dated: _____

For Hussmann Services Corporation
Defendant

9

and governed under the laws of the State of Tennessee and the FLSA. Any action to enforce this Settlement Agreement shall be brought in this Court.

IN WITNESS WHEREOF, the Parties have knowingly and voluntarily executed this Settlement Agreement on the dates specified below.

Dated: _____

LeRoy Pallante

Dated: **Jul 29, 2021**

Shawn Johnson (Jul 29, 2021 11:11 EDT)

Shawn Johnson

Dated: _____

Cameron Lane

Dated: _____

Benjamin Passe

Dated: Aug 4, 2021

For Hussmann Services Corporation
Defendant

9

and governed under the laws of the State of Tennessee and the FLSA. Any action to enforce this Settlement Agreement shall be brought in this Court.

IN WITNESS WHEREOF, the Parties have knowingly and voluntarily executed this Settlement Agreement on the dates specified below.

Dated: _____

LeRoy Pallante
_____

Dated: _____

Shawn Johnson
_____

Dated: Jul 29, 2021

_____
Cameron Lane (Jul 29, 2021 13:05 CDT)

Cameron Lane

Dated: _____

Benjamin Passe
_____

Dated: Aug 1, 2021

_____
For Hussmann Services Corporation
Defendant

9

and governed under the laws of the State of Tennessee and the FLSA. Any action to enforce this Settlement Agreement shall be brought in this Court.

IN WITNESS WHEREOF, the Parties have knowingly and voluntarily executed this Settlement Agreement on the dates specified below.

Dated: _____

LeRoy Pallante

Dated: _____

Shawn Johnson

Dated: _____

Cameron Lane

Jul 29, 2021
Dated: _____

Benjamin J. Passe (Jul 29, 2021 09:24 CDT)

Benjamin Passe

Dated: Aug 4, 2021

For Hussmann Services Corporation
Defendant

9